FILED

September 20, 2018

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 2:56 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| JULIE DEMOTTE, | ) | |
| **Employee,** | ) | **Docket No. 2017-06-1778** |
| v. | ) | |
| UPS, | ) | |
| **Employer,** | ) | **State File No. 89793-2016** |
| | ) | |
| and | ) | |
| LIBERTY INSURANCE CO., | ) | **Judge Joshua Davis Baker** |
| **Carrier.** | ) | |

## COMPENSATION HEARING ORDER ON REMAND AWARDING FUTURE MEDICAL BENEFITS AND PERMANENT DISABILITY BENEFITS

This claim comes before the Court on remand from the Workers' Compensation Appeals Board. Previously, the parties appeared for a compensation hearing on March 14, 2018, to determine Ms. Demotte's entitlement to permanent disability, temporary disability, and future medical benefits for her workplace injury. The Court issued an order for future medical benefits but denied Ms. Demotte's claim for temporary and permanent disability benefits. Ms. Demotte appealed, and the Appeals Board remanded the case with instruction to calculate Ms. Demotte's permanent disability benefits upon determining that UPS agreed to the three percent rating. This order results from that remand.

The Court holds UPS must provide Ms. Demotte with lifetime medical benefits for her workplace injury and payment for her permanent partial disability. The Court denies her claim for additional temporary disability benefits.

### History of Claim

On November 11, 2016, Ms. Demotte fell and broke her hip and leg while retrieving packages from a clogged package-transport conveyor at a UPS-distribution

1

facility.[1]   UPS accepted the claim, and Ms. Demotte chose Dr. Jason Evans as the authorized treating physician.   She also, however, received treatment from Dr. Philip Kregor, Dr. Evans' partner.

On March 9, 2017, Ms. Demotte saw Dr. Evans and requested he release her to return to work.  However, for reasons unclear, Dr. Kregor, instead of Dr. Evans, signed her release.

Before her release, UPS paid Ms. Demotte temporary disability benefits at two different rates.  For the first twelve weeks, UPS paid Ms. Demotte $186.67 per week. Because of an overpayment, UPS lowered the rate to $134.18 per week on February 8 and continued payments at that rate until her release.[2]

Ms. Demotte worked for a few days and then left UPS on March 21.  She testified she left because she could not physically perform the job.  On April 10, Dr. Evans placed Ms. Demotte at maximum medical improvement (MMI).  He issued a form C-30A Final Medical Report assigning a three-percent whole-person impairment rating and releasing her to return to work at full duty.

UPS stipulated to Ms. Demotte's entitlement to future medical benefits but objected to admission of the form C-30A to establish Ms. Demotte's permanent impairment rating.  UPS argued that the medical report was inadmissible to prove impairment because Ms. Demotte failed to give proper notice of her intent to use it, which deprived UPS of the opportunity to depose Dr. Evans.  Ms. Demotte opposed the objection, arguing that UPS presented no medical proof rebutting Dr. Evans' opinion. She further argued that the Court should admit the form C-30A as a medical record, and that requiring her to submit a form C-32 contravenes a central goal of the reform by fomenting unnecessary litigation.  The Court admitted the form but sustained UPS' objection concerning its use to prove Ms. Demotte's permanent impairment rating.

After the trial, the Court reviewed the scheduling order and noticed it contained no deadlines regarding expert witnesses.  The Court then reviewed the recording from the hearing to determine why the order omitted these deadlines.  At the scheduling hearing, the following exchange occurred between the Court and defense counsel, David Hooper:

Court: It almost seems to me like ADR might be a good thing for you all?

Hooper: Well, I don't have any, um, unrealistic expectation about that. Based on things up to this point, I doubt that that's helpful in this case.  I'll

---

[1] Only Ms. Demotte testified at trial, and the Court summarized this history from the stipulations and her testimony.

[2] The parties stipulated to a compensation rate of $141.96 per week.

go through it if the Court wishes it because I realize that it's, at least on, under the rules, it's mandatory but I don't know that there's a reasonable expectation this will work. Honestly, the issues here, however they've been, and I think they've been skewed a bit by Zach [Wiley], but I think the issue here is what she's entitled to receive in terms of permanency.

Court: So there is a dispute over that? There's a three-percent and a one— is there an agreement on the rating?

Hooper: There is.

Court: Okay, okay, so then the issue is whether there's additional benefits that she's entitled to?

Hooper: Right, well there's a, well it actually is skewed a bit because of the, of um, of the overpayment of temporary disability benefits.

Court: Okay, okay. I've gotcha, I've gotcha.

Hooper: But there is no dispute about the three-percent rating.

Later in the hearing, the Court questioned the parties about discovery needed before the compensation hearing:

Court: Do we need to take any expert witness depositions?

Mr. Goodman: No your honor.

Court: Mr. Hooper?

Mr. Hooper: I don't think so.

The scheduling order identified permanent disability benefits and temporary disability benefits as disputed issues for trial. Additionally, the pretrial statement contained no stipulation as to the impairment rating.

**Legal Principles and Analysis**

At a compensation hearing, Ms. Demotte must establish by a preponderance of the evidence that she is entitled to workers' compensation benefits. *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015); *see also* Tenn. Code Ann. § 50-6-239(c)(6) (2017). She has the burden of proof on all essential elements of her claim. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at

\*6 (Aug. 18, 2015).

At the outset of the hearing, the parties stipulated to most of the essential elements of the claim. They agreed Ms. Demotte suffered a compensable injury, and UPS paid for all treatment to date. They also agreed Ms. Demotte is entitled to continuing medical benefits with Dr. Evans. In the end, the only issues concerned Ms. Demotte's entitlement to permanent disability benefits and additional temporary disability benefits.

The dispute concerning permanent disability benefits centered on the admissibility of form C-30A as proof of Ms. Demotte's impairment rating. UPS objected to admissibility of the rating, and the Court sustained the objection and denied Ms. Demotte's request for permanent disability benefits. On appeal, the Appeal's Board reversed the denial of benefits and remanded the case for calculation of Ms. Demotte's permanent disability award. The Board determined that UPS, based on its in-court statements and pretrial brief, agreed that Ms. Demotte incurred permanent disability of three percent to the body as a whole and instructed the Court to calculate her permanent disability award.

Ms. Demotte suffered a three-percent permanent partial disability as a result of her workplace injury, and the parties stipulated to a weekly compensation rate of $141.96. Under Tennessee Code Annotated section 50-6-207, a three percent impairment rating translates to an award of 13.5 weeks of benefits (.03 x 450 weeks). 13.5 Weeks of benefits at Ms. Demotte's compensation rate of $141.96 results in a permanent partial disability award of $1,916.46.

Ms. Demotte also seeks additional temporary total disability benefits. The Court denies her request.

UPS paid Ms. Demotte temporary disability benefits from the date of her injury until March 9, 2017. On March 9, she returned to work, and UPS terminated her benefits. Ms. Demotte worked for a few days and then left employment with UPS on March 21. She testified she could not physically perform her job. On April 10, Dr. Evans released her to return to work at full duty and noted that Ms. Demotte's work disability began on the date of injury and ended on April 10.

For the first twelve weeks she missed work, UPS overpaid temporary disability benefits by $44.71 per week, or a total of $536.52 (($186.67 - $141.96) x 12 weeks). UPS then lowered the rate to $134.18 per week on February 8 and continued payments at that rate until her release to return to work, four weeks and two days later. This allowed UPS to recoup $33.34 (($141.96 - $134.18) x 4 weeks) + (($7.78/7) x 2 days)) of the overpayment, and left the overpayment balance at $503.18.

4

After Ms. Demotte left work on March 21, two weeks and six days passed before Dr. Evans placed her at maximum medical improvement and set her last date of disability at April 10. For that period, Ms. Demotte would have been due $405.60. Because this amount is less than the outstanding overpayment balance, Ms. Demotte cannot recover any additional temporary disability benefits.

**IT IS, THERFORE, ORDERED AS FOLLOWS:**

1. UPS shall continue to provide Ms. Demotte ongoing future medical benefits, with Dr. Evans acting as the authorized treating physician.

2. UPS shall pay Ms. Demotte permanent disability benefits of $1,916.46.

3. The Court finds Ms. Demotte's counsel provided good and valuable services in this claim and is entitled to a fee of $383.29, which is twenty percent of the total award.

4. Ms. Demotte's claim for additional temporary disability benefits is denied.

5. Absent an appeal to the Appeals Board, this order shall become final in thirty days.

6. The Court taxes the $150.00 filing fee to UPS under Tennessee Compilation Rules and Regulations 0800-02-21-.07, for which execution may issue as necessary. UPS shall pay this fee within five business days of this ordering becoming final.

7. UPS shall file form SD-2 with the Court Clerk within ten business days of this order becoming final.


**ENTERED ON SEPTEMBER 20, 2018.**


_____
Joshua Davis Baker
Workers' Compensation Judge

5

# APPENDIX

**Exhibits:**

1. Medical Records
2. Choice of Physician Form

**Technical Record:**

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. UPS Compensation Hearing Brief
4. UPS Prehearing Statement
5. UPS Motion in Limine
6. UPS Exhibit List
7. Demotte Prehearing Statement
8. Demotte Witness and Exhibit List
9. Scheduling Order
10. Appeals Board Opinion

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on September 20, 2018.

| Name | Certified Mail | First Class Mail | Via Email | Service sent to: |
|---|---|---|---|---|
| Zachary Wiley David Goodman | | | X | zwiley@forthepeople.com dgoodman@forthepeople.com |
| David Hooper | | | X | dhooper@hooperzinn.com |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov